*NOT FOR PUBLICATION*

UNITED STATES of America,
Plaintiff—Appellee,

v.

Norman J. GODBEY, III, Defendant—
Appellant.

No. 06–30043.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2006.*

Filed Nov. 29, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ed Zink, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark S. Werner, Esq., FDMT–Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: GOODWIN, FISHER and SMITH, Circuit Judges.

## MEMORANDUM **

Norman J. Godbey III was convicted after a bench trial of being a felon in possession of a firearm and for possessing a stolen firearm. *See* 18 U.S.C. § 922(g)(1) & (j). Godbey claims that the district court should have suppressed evidence of the weapon because the Yellowstone County Sheriff's department discovered it in his possession only by making an allegedly unconstitutional warrantless entry into Leon Harlson's residence and performing an allegedly unjustified pat-down search on Godbey. We hold that the police justifiably entered the residence in order to execute an arrest warrant for Harlson and that the pat-down search was based on their reasonable suspicion that Godbey was armed. We therefore affirm.

■ The officers were permitted to enter the residence without a search warrant because they had probable cause to believe that Harlson was inside. *See Payton v. New York*, 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *United States v. Gorman*, 314 F.3d 1105, 1112 (9th Cir. 2002). Deputy Shane Skillen knew that Harlson lived at the residence, a detached one-car garage, and that he kept weapons

and contraband there. Even though Skillen did not see Harlson inside the garage when he briefly viewed the visible portion of the interior through a partially obstructed window, there remained probable cause to believe Harlson was nonetheless there given the presence of others. There was a fair probability that Harlson would have been home during evening hours and not have left guests or his possessions unattended.

It makes no difference that moments before the entry an unidentified male had departed in a Chevy Blazer that was parked in front of the residence or that Deputy Dave Valdez knew that Harlson drove a Blazer. Both Skillen and Valdez knew that Harlson was associated with a number of vehicles, many of which were stolen. Valdez also believed that Harlson typically parked several blocks away from his residence to avoid detection. For these reasons, and since the officers observed people inside the garage after the Blazer departed, they had reason to doubt that Harlson was driving it.

■ The officers' entry into the residence was alternatively justified by their reasonable belief that they were in imminent danger or a crime was occurring inside the garage. *See United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005). After Skillen knocked and announced the officers' presence, someone inside abruptly shut the door in his face and the officers heard the people inside moving around and things being knocked over. Skillen also knew that Harlson kept illegal weapons and drugs in the garage and that Harlson had previously been involved in a gun assault. From this, Skillen had probable cause to believe that the occupants of the garage were arming

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

themselves or destroying evidence. *See id.* These threats were imminent and thus exigent circumstances justified the entry.

Finally, Skillen and Valdez reasonably concluded that Godbey might have been armed and thus a pat-down search was warranted. *See Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Godbey was not a mere bystander who happened to be "close to the wrong people at the wrong time." *See United States v. Collins,* 427 F.3d 688, 691 (9th Cir.2005). Instead, Skillen recognized Godbey as someone who had previously been either a witness or accomplice to Harlson's prior criminal conduct. *Cf. id.* at 691–92. Godbey had been found in a garage known to contain drugs and guns and the police had reason to believe based on the response to the knock and announce that such items had been hidden. The pat-down search was therefore based on reasonable suspicion.

**AFFIRMED.**